1

2

3

4                                                      **E-FILED on** ___3/26/08___

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

| | |
|---|---|
| 12 AIDEN T., a minor, by and through GINNIE T., his Guardian Ad Litem, | No. C-07-04144 RMW |
| 13 | |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| 14 | THE COMPLAINT FOR INEFFECTIVE |
| v. | SERVICE OF PROCESS ON CONDITION |
| 15 | OF PAYMENT OF FEES |
| PAJARO VALLEY UNIFIED SCHOOL | |
| 16 DISTRICT and DOES 1-25, | **[Re Docket No. 5]** |
| 17 Defendants. | |

18

19

20        Plaintiff claims that the Pajaro Valley Unified School District ("District") denied him a free

21 appropriate public education ("FAPE"), in violation of the Individuals with Disabilities Education

22 Improvement Act ("IDEA"), 20 U.S.C. § 1415.  After an evidentiary hearing, the California Office

23 of Administrative Hearings ("OAH") determined that the District had generally offered plaintiff a

24 FAPE, issuing a final decision on May 11, 2007.  Decl. of Kimberly Smith ¶ 2; Compl. ¶ 1. On

25 August 13, 2007, plaintiff filed the instant action to appeal the administrative decision.

26        Federal and state law provide that a party may seek review in federal court of adverse

27 administrative decision within 90 days from the date of the receipt of decision.  20 U.S.C. §

28 1415(i)(2)(B); Cal. Educ. Code § 56505(k).  The District contends that plaintiff filed his complaint

**United States District Court**
For the Northern District of California

1   94 days after receipt (and, should this action continue, will likely raise a statute of limitations

2   defense), but assumes for purposes of this motion that plaintiff timely his complaint in this court.

3         Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve defendants with a copy of

4   the complaint within 120 days of filing.  Rule 4(m) provides

5         If a defendant is not served within 120 days after the complaint is filed the court—on
          motion or on its own after notice to the plaintiff— must dismiss the action without

6         prejudice against that defendant or order that service be made within a specified time.
          But if the plaintiff shows good cause for the failure, the court must extend the time

7         for service for an appropriate period.

8   There is no dispute that plaintiff failed to comply with this requirement.  Plaintiff was required to

9   serve a copy of the complaint on the District on or before December 11, 2007.  Instead, he served a

10  copy of the complaint on the District on January 10, 2008, which was thirty days after the deadline

11  for service expired.

12        The District now moves to dismiss the complaint under Rule 4(m) due to plaintiff's failure to

13  serve the complaint within 120 days.  Plaintiff submitted a written opposition to the District's motion

14  late in the day on February 28, 2008 – nearly a week after his response was due under this court's

15  local rules.  *See* N.D. Cal. L.R. 7-3 (providing that an opposition to a motion must be served and

16  filed not less than 21 days before the hearing date).  On March 10, 2008, following a scheduled ECF

17  outage, the District filed a reply to plaintiff's opposition.

18        As set forth above, Rule 4(m) provides that if the plaintiff shows good cause for its failure to

19  comply with the time limit for service, the court must extend the time service for an appropriate

20  period.  "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed

21  time period for the service of a complaint. []  First, upon a showing of good cause for the defective

22  service, the court must extend the time period.  Second, if there is no good cause, the court has the

23  discretion to dismiss without prejudice or to extend the time period."  *In re Sheehan*, 253 F.3d 507,

24  512 (9th Cir. 2001) (citations omitted).  A district court may grant an extension of time retroactively,

25  so that a plaintiff's untimely service may be deemed timely.  *Mann v. Am. Airlines*, 324 F.3d 1088,

26  1090 (9th Cir. 2003).

27        Plaintiff failed to timely respond to the District's motion and his opposition does not even

28  attempt to demonstrate good cause for his failure to serve the complaint in a timely fashion.  For an

**United States District Court**
For the Northern District of California

ORDER DENYING MOTION TO DISMISS THE COMPLAINT FOR INEFFECTIVE SERVICE OF PROCESS ON CONDITION OF
PAYMENT OF FEES—No. C-07-04144 RMW
MAG

United States District Court
For the Northern District of California

excuse to meet the good cause standard, a court may require a plaintiff to show the following factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  Plaintiff does not demonstrate that any of these is true except that plaintiff's complaint would not be able to be refiled, if dismissed.

Rule 9(m) permits courts to extend the service deadline even absent a showing of good cause.  The court will reluctantly do so here despite plaintiff's lack of diligence in pursing this litigation.  The court held an initial case management conference at which plaintiff failed to appear. The court's minute order following the case management conference indicated that it would issue an order to show cause for failure to appear.  Docket No. 3.  A month later on December 26, 2007, plaintiff's counsel filed a document titled "Plaintiff's Response to Order to Show Cause for Failure to Appear at Case Management Conference" stating that plaintiff's family had moved out of the state of California shortly after the action was filed and that plaintiff's counsel had held off service upon the District to allow plaintiff's family to get set up in their new home.  Docket No. 4.  The response promised to complete service upon the District by January 11, 2008.  *Id.*

Plaintiff's counsel followed through on this statement and apparently served the District on January 10, 2007, explaining to the District's counsel that in waiting for plaintiff's family to get settled he "really messed up the calendaring of the case and dropped the case off [his] radar."  Smith Decl., Ex. A.  But plaintiff's initial failure to effect service combined with his untimely response to the District's motion to dismiss evidences to the court an unfortunate disregard for advancing this case, particularly given plaintiff's counsel's tardiness in serving school district defendants in a previous case.  *See E.N. v. Byron Union School Dist.*, 2007 WL 926879 at *1 (N.D. Cal. 2007) (Breyer, J.).  Although Judge Breyer elected not to exercise his discretion to dismiss that case for failure to timely effect service, the circumstances are different here and could justify dismissal. Here, in contrast to the *Byron Union School District* case, there is no indication that the District was aware that the instant complaint was pending against them until they were untimely served with the complaint. Nevertheless, the District has not shown any significant prejudice if the case is allowed to go forward.

United States District Court
For the Northern District of California

1    The court finds that the District's motion to dismiss had merit despite the court's denial of it

2    and that the District would have been remiss if it had not sought dismissal under the circumstances.

3    Therefore, the court conditions its denial of the District's motion on plaintiff's counsel's payment of

4    the District's reasonable attorney's fees incurred for making its motion to dismiss and for the court

5    appearance for the hearing on the motion. The District is ordered to file a declaration within ten days

6    of this order setting forth an itemization its hours spent and hourly rate charged for its attorney's fees

7    incurred in connection with its motion to dismiss.  Plaintiff's counsel must pay whatever amount of

8    those fees approved by the court within ten days of the filing of the court's approval or the case will

9    be dismissed without further warning or notice.

## ORDER

11   For the forgoing reasons, the court orders that the motion to dismiss is denied on the

12   condition that plaintiff's counsel pay the amount of defendant's attorney's fees within ten days of the

13   court's approval of the amount.

15   DATED:        3/26/08

RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTION TO DISMISS THE COMPLAINT FOR INEFFECTIVE SERVICE OF PROCESS ON CONDITION OF
PAYMENT OF FEES—No. C-07-04144 RMW
MAG                                                          4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Bob Varma                    bvarma@varmaclancy.com

**Counsel for Defendants:**

Kimberly Anne Smith          ksmith@fagenfriedman.com
Laurie Elizabeth Reynolds    lreynolds@fagenfriedman.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    3/26/08                              /s/ MAG
                                        **Chambers of Judge Whyte**

United States District Court
For the Northern District of California

ORDER DENYING MOTION TO DISMISS THE COMPLAINT FOR INEFFECTIVE SERVICE OF PROCESS ON CONDITION OF PAYMENT OF FEES—No. C-07-04144 RMW
MAG